UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Julian Minichelli, *on behalf of himself and all others similarly situated,*<br><br>PLAINTIFF,<br><br>v.<br><br>SYRACUSE UNIVERSITY,<br><br>DEFENDANT. | Case No. 5:20-cv-839 (MAD/ATB)<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

---

Plaintiff, Julian Minichelli ("Plaintiff"), by and through his undersigned counsel, brings this class action against Defendant, Syracuse University (the "University" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend Syracuse University for an in person, hands-on education for the Spring 2020 semester, Summer 2020 semester, and any future semester and had their course work moved to online learning. Such persons paid all or part of the tuition and mandatory fees described herein (the "Mandatory Fees").

2. Syracuse University has not refunded any amount of the tuition, and has only refunded a nominal portion of the Mandatory Fees, even though it suspended in-person classes and implemented online distance learning since March 13, 2020.

3. On or about March 13, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover because of the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic.

4. The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 13, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class and is unjust.

5. In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in person educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

6. As to Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class members with the University.

7. Plaintiff seeks, for himself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time that remained in the Spring 2020 semester, Summer 2020 semester, and any future semester when the University closed and switched to online distance learning.

**PARTIES**

8. Plaintiff Julian Minichelli is a citizen of Pennsylvania. He paid to attend the Spring 2020 semester at the University as a full-time undergraduate student. Plaintiff paid tuition for the Spring 2020 semester and the Mandatory Fees to enable him to obtain an in-person, on-campus educational experience and enable him to participate in the activities and to utilize the services


covered by the Mandatory Fees that he paid. He has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, and has only been provided a nominal refund of the Mandatory Fees he paid after the University's facilities were closed and events were cancelled.

9. Defendant, Syracuse University, is a private research university in Syracuse, New York that was founded in 1870. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate and graduate programs includes students from many, if not all, of the states in the country. Its principal campus is located in Syracuse, New York. Defendant is a citizen of New York.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because Plaintiff and at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

11. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS.

13. Plaintiff and Class Members paid, or will pay, to attend Syracuse University's Spring 2020 semester, Summer 2020 semester, and/or any future semester including tuition and the Mandatory Fees. The Spring 2020 semester at the University began on or about January 13,

2020.[1]  The Spring 2020 semester ended on or around April 28, 2020.  The University offers three shorter summer sessions, and a combined summer session.  The "Maymester" session began on or about May 11, 2020 and ended May 22, 2020.  "Summer Session I" began on or about May 18, 2020, and ended on or about June 26, 2020.[2]  "Summer Session II" began on or about June 29, 2020, and ended on or about August 7, 2020.[3]

14.     Tuition costs at the University for undergraduate students enrolled in the Spring 2020 were as follows:[4]

**Tuition - Main Campus**

**Students Matriculated Beginning Fall '18**
Undergraduate per semester (12-19 credits) .............................. $26,105
  Per credit (first 11) .............................................................. 2,274
  Per credit (20 or more) ...................................................... 1,568
  Winterlude per credit ......................................................... 1,297
  Summer per credit .............................................................. 1,297

**Students Matriculated Prior to Fall '18**
Undergraduate per semester (12-19 credits) .............................. $24,390
  Per credit (first 11) .............................................................. 2,123
  Per credit (20 or more) ...................................................... 1,464
  Winterlude per credit ......................................................... 1,297
  Summer per credit .............................................................. 1,297

**Tuition - University College**

**Students Matriculated Beginning Fall '18**
Undergraduate per semester (12-19 credits) .............................. $26,105
  Per credit (first 11) .............................................................. 695
  Per credit (20 or more) ...................................................... 1,568
  Winterlude per credit ......................................................... 695
  Summer per credit (first 11) ............................................... 695
  Summer per credit (12 or more) ........................................ 1,297

**Students Matriculated Prior to Fall '18**
Undergraduate per semester (12-19 credits) .............................. $24,390
  Per credit (first 11) .............................................................. 695
  Per credit (20 or more) ...................................................... 1,464
  Winterlude per credit ......................................................... 695
  Summer per credit (first 11) ............................................... 695
  Summer per credit (12 or more) ........................................ 1,297

---

[1] https://bfas.syr.edu/wp-content/uploads/2019/06/2019-2020-Tuition-and-fees-booklet.pdf.
[2] https://www.syracuse.edu/academics/calendars/academic-year/.
[3] *Id.*
[4] https://bfas.syr.edu/wp-content/uploads/2019/06/2019-2020-Tuition-and-fees-booklet.pdf.

15. Tuition costs at the University for graduate students enrolled in the Spring 2020 semester were as follows:[5]

**Graduate Students**

Main Campus, University College (UC), Online, Winterlude
Per credit..................................................................................$1,620
Communications@Syracuse
Per credit...................................................................................1,964
Executive MPA@Syracuse
Per credit...................................................................................1,964
Data Science@Syracuse
Per credit...................................................................................1,782
School of Education—Extended Campus
Per credit...................................................................................1,298

16. Tuition costs at the University for students enrolled in the Summer 2020 semester were as follows:[6]

**Summer Sessions**

Main Campus, per credit............................................................1,620
Syracuse Abroad, per credit........................................................1,620
University College/UC Online, per credit....................................1,620

17. The Mandatory Fees at the University consist of: Student Activity Fee; NYPIRG Fee; Student Co-Curricular Fee; Health and Wellness Fee; Student Health Insurance; OnTrack at SU. Students are also charged variable Course Fees depending upon the program of enrollment and courses taken.

18. Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the entire semester.

19. Plaintiff and the members of the Class paid the Mandatory fees for the semester so they could benefit throughout the entire semester from on-campus organizations, clubs, recreational education, crime prevention, and health and wellness services.

---

[5] Id.
[6] Id.

20. Members of the Class have demanded the return and/or future discount of the pro-rated portion of tuition and Mandatory Fees and have taken to online petitions to demand the same.[7] One petition illustrates the frustration University students feel with online learning:

> [I]t is impossible to equate the instruction provided in our classrooms and the learning that occurs within our on-campus resources and communities to the learning and support which will be provided online. The quality of education that we are paying for does not measure up to the quality of education that we are receiving.

### *In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes*

21. In response to the COVID-19 pandemic, the University created a new section on its website to post news alerts and updates.[8]

22. On March 10, 2020, the University announced that in-person classes were cancelled after March 13, 2020, and that classes will be offered only through remote online formats through at least March 30, 2020.[9] The University also instituted on-campus social distancing protocols including cancelling all gatherings of 50 people or more.

23. On March 16, 2020 the University announced its decision to cancel in-person classes and extend remote online learning for the remainder of the Spring 2020 semester.[10] In addition, the University announced it was closing all on-campus fitness centers and that dining

---

[7] https://www.change.org/p/chancellor-kent-syverud-syracuse-university-partial-tuition-refund-credit; https://www.change.org/p/chancellor-kent-syverud-syracuse-university-department-of-drama-partial-tuition-adjustment-refund-2020.
[8] Syracuse.edu/coronavirus.
[9] https://news.syr.edu/blog/2020/03/10/residential-instruction-suspended-effective-end-of-day-friday-march-13-university-to-transition-to-online-learning/.
[10] https://news.syr.edu/blog/2020/03/16/important-coronavirus-message-from-chancellor-syverud/.

centers would only be offering take-out options.[11]  The University also urged students living on campus to move out as soon as possible.

24. The University further restricted access to on-campus buildings and facilities, limiting access to only essential members of the University faculty and staff.  Specifically, on April 4, 2020, Syracuse University's Vice Chancellor for Strategic Initiatives and Innovation, J. Michael Haynie issued a reminder of the social distancing requirements stating, in pertinent part:

> At this time, only individuals who have been deemed essential personnel should be accessing buildings and facilities on our campus. Additionally, access to laboratories is limited to those engaging in essential research activity, including the maintenance of live animals and plants, microbes, cell lines and essential equipment and materials, along with any research related to COVID-19.[12]

25. The University has not held any in-person classes since March 13, 2020.  All classes that have continued since March 23, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

26. On March 18, 2020, the University announced that access to student health services was being restricted, that all mental health counseling appointments were being held via telephone, and that all libraries were closed for the remainder of the semester.[13]

27. Most of the services for which the Mandatory Fees were assessed were also terminated at or about this time, with only limited virtual events offered moving forward.

28. Despite demand from its students, the University has expressly refused to refund tuition:[14]

---

[11] https://news.syr.edu/blog/2020/03/16/coronavirus-update-state-order-will-require-dining-halls-and-fitness-centers-to-close-at-8-p-m-today/.
[12] https://news.syr.edu/blog/2020/04/04/coronavirus-update-4-4-20-support-guidance-resources-and-services/.
[13] https://news.syr.edu/blog/2020/03/18/coronavirus-updates-and-guidance-3-18-20/.
[14] *Id.*

> Though COVID-19 makes it impossible for us all to be on campus together, we are innovating and developing ways to deliver the high quality educational experience our students have come to expect from Syracuse University. We are issuing credits/refunds for room and board and meal plans, but will maintain tuition and program fees to continue to support an enriching, credit-bearing experience for our students.

***The University's Online Courses Are Sub-par to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University to Receive by Paying Tuition and Fees***

29. Students attending Syracuse University did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

30. On its website, the University markets the University's on-campus experience as a benefit of enrollment: [15]

> **Campus Highlights**
>
> With its mix of traditional and contemporary architecture, sprawling greens, and historic sculptures, Syracuse's campus is more than just a place to live. It's the backdrop for the stories you'll tell over and over. It's where you'll make lifelong friends and life-changing decisions.
>
> At Syracuse University, four seasons provide an ever-changing stage for year-round festivals, expos and installations, and athletic events that unite the student body in an unstoppable wave of orange. Our campus is big enough to lose yourself in your interests, but small enough that you'll soon feel at home.
>
> Here you'll learn a little more about some of our favorite places on campus, but planning a visit is the best way to get a feel for a place that will soon feel like home.

---

[15] https://www.syracuse.edu/life/campus-highlights/; https://www.syracuse.edu/life/meals-dining/.

# Recreation and Facilities

A Syracuse education doesn't just challenge your mind. You'll be encouraged to test and grow your physical and mental boundaries via the clubs, classes, and facilities that suit you best.

## Schine and Goldstein Student Centers

Meet a classmate for coffee. Discover your new favorite band. Pick up tickets to a guest lecture. As a student, you'll spend more than just a little time at the Schine and Goldstein Student Centers.

## Connective Corridor

The Connective Corridor is a civic engagement initiative led by Syracuse University, working with the City of Syracuse and Onondaga County. The Corridor creates a connection between the City and University, making it easier and more feasible for students to access many great downtown activities.

## Student-Run Media

At Syracuse University, student-run media is more than just an opportunity for budding journalists to hone their craft. No one knows the ins and outs of the university like students, so no one is better positioned to share what's happening, what's now, and what's next.

## Museums and Galleries

The Coalitions of Museum and Art Centers (CMAC) at Syracuse University showcases the University community's talents by exploring the visual and electronic arts through exhibitions, publications, public presentations, education, and scholarship.

## University Bookstore

The University's bookstore is a primary resource for textbooks, general interest books, art and office supplies, and even a custom framing shop.

31. The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was. During the online portion of the semester, the University principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students and among students that is instrumental in interpersonal skill development. Further, the online formats being used by Syracuse University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

32. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

33. Access to facilities such as libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and material parts of the basis upon which Syracuse University can charge the tuition it charges, are not being provided.

34. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semester for the period it moved to sub-par online distance learning.

35. Nor has the University refunded an appropriate portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the semester even though it ceased operating, closed or otherwise limited access to the services and facilities for which the Mandatory Fees were intended to pay.

36. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester, Summer 2020 semester and any future semester where the University stopped providing in-person classes and switched to remote online learning.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as: All persons who paid or will pay tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester, Summer 2020 semester, and any future semester at Syracuse University but had their class(es) moved to online learning (the "Class").

38. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

39. The requirements of Rule 23(a)(1) are satisfied.  The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiff, the University has reported that 15,043 undergraduate, 6,284 graduate students, and 2,700 professional students enrolled for the 2019-2020 school year.  The names and addresses of all such students are known to the University and can be identified through the University's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

40. The requirements of Rule 23(a)(2) are satisfied.  There are questions of law and fact common to the members of the Class including, without limitation:

a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the Spring 2020 semester;

b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

c. Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

d. Whether Defendant is unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time the University has been closed, and Plaintiff and members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

e. Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay off campus, and discontinuing services for which the Mandatory Fees were intended to pay, all while retaining the tuition and a majority of the Mandatory Fees paid by Plaintiff and the Class; and

f. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

41. The requirements of Rule 23(a)(3) are satisfied. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

42. The requirements of Rule 23(a)(4) are satisfied. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

43. Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive

supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

44. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

45. Plaintiff brings this claim individually and on behalf of the members of the Class.

46. By paying the University tuition and Mandatory Fees for the semester, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout the semester. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

47. The University is in possession of all contracts entered into with Plaintiff and members of the Class.

48. The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during the entire semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

49. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the pro-rated portion of the tuition

and Mandatory Fees they each paid during the semester in which in-person classes were discontinued and facilities were closed by the University.

50. The University should return such portions of the tuition and Mandatory Fees Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

51. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

52. Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with the University regarding the relief requested herein.

53. Plaintiff and members of the Class conferred a benefit on the University in the form of tuition and Mandatory Fees paid for the semester. The payment of this tuition and Mandatory Fees was to be in exchange for an in-person, on-campus educational experience to be provided to Plaintiff and the members of the Class throughout the entire semester.

54. The University has retained the full benefit of the tuition and a majority of the Mandatory Fee payments by Plaintiff and the members of the Class for the semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and access to the University's services and facilities.

55. Defendant stopped providing in-person services, stopped providing access to campus and facilities, and some professors stopped providing any lectures or otherwise provided lectures with significantly lower interaction. The University's retention of tuition and Mandatory

Fees that were paid for access to those services and lectures is unjust and inequitable under the circumstances.

56. Accordingly, the University has been unjustly enriched in the amount of the pro-rated tuition and Mandatory Fees it retained during the portion of time the Spring 2020 semester in which in-person classes were discontinued and facilities were closed by the University.

## THIRD CLAIM FOR RELIEF

### CONVERSION
### (On Behalf of Plaintiff and the Class)

57. Plaintiff repeats and re-alleges the factual allegations above, as if fully set forth herein.

58. In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

59. Plaintiff and the members of the Class exchanged their property (funds) in the form tuition and Mandatory Fees for a full semesters in-person education, in-person services, access to facilities, and face to face instruction. Should the full semesters in-person education, in-person services, access to facilities, and face to face instruction not be provided, Plaintiff and members of the Class have a right to be reimbursed pro-rated tuition and Mandatory Fees.

60. The University intentionally interfered with the rights of the Plaintiff and the Class when it cancelled a portion of the semester, moved all in-person classes to a remote online format, cancelled all on-campus events, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the property (tuition and Mandatory Fees) of the Plaintiff and the Class.

61. The University's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and the Class of the benefit for which the tuition and Mandatory Fees were paid.

62. The University's interference with the services for which Plaintiff and the Class paid harmed Plaintiff and the Class in that the University has retained property (funds) that rightfully belong to the Plaintiff and Class.

63. The University intends to permanently deprive Plaintiff and the Class of these funds.

64. The University has wrongfully converted these specific and readily identifiable funds.

65. Plaintiff and the Class are entitled to the return of their remaining pro-rated amounts of tuition and Mandatory Fees for the time when the University switched to remote online learning and stopped providing in person services and access to facilities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: July 25, 2020

Respectfully submitted,

*/s/ John C. Cherundolo*
John C. Cherundolo, Esq.

Edward W. Ciolko (To be admitted *pro hac vice*)
James P. McGraw (To be admitted *pro hac vice*)
**CARLSON LYNCH LLP**
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
P (412) 322-9243
F. (412) 231-0246
E. eciolko@carlsonlynch.com
   jmcgraw@carlsonlynch.com

*Counsel for Plaintiff and Proposed Class*

John C. Cherundolo
Bar Roll No.: 101339
**CHERUNDOLO LAW FIRM, PLLC**
AXA Tower I, 15th Floor
100 Madison Street
Syracuse, NY 13202
P: (315) 449-9500
F: (315) 449-9804
E: jcherundolo@cheurndololawfirm.com

*Co-Local Counsel for Plaintiff and Proposed Class*