**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STUART MEISSNER, and STACEY**
**MEISSNER**

                            **Plaintiffs,**

    v.                                              5:20-CV-839
                                                           (TJM/ATB)

**SYRACUSE UNIVERSITY,**

                            **Defendants.**
_____

**THOMAS J. McAVOY,**
Sr. U. S. District Judge

## DECISION & ORDER

      Before the Court is Defendant's motion to dismiss Plaintiffs' Amended Complaint. See dkt. # 30. The parties have briefed the issues and the Court has determined to resolve the matter without oral argument.

**I.    BACKGROUND**

      This case involves Plaintiffs' claims regarding Defendant Syracuse University's March 2020 decision to move to on-line learning in the face of the COVID-19 pandemic. Plaintiffs claim that this decision deprived their daughter, who was a Syracuse student at the time, of the in-person, on-campus college experience that the University promised her when she decided to attend the school. Plaintiffs bring the Amended Complaint on their own behalf and as part of a proposed class action involving students who were likewise deprived of the educational opportunities they expected because of Syracuse's decision

1

not to hold in-person classes.

Plaintiffs Stuart Meissner and Stacey Meissner are both citizens of New Jersey. Amended Complaint ("Complt."), dkt. # 16, at ¶¶ 15-16. Their daughter was an undergraduate in her first year at Syracuse during the Spring 2020 semester. Id. at ¶ 17. Plaintiffs' daughter sought a bachelor's degree in nutrition. Id. Plaintiffs paid approximately $23,105 in tuition for their daughter that semester, in addition to a $384 Health and Wellness Fee and a $100 technology fee. Id. at ¶ 18.

Plaintiffs and their daughter "consulted" Syracuse's course catalog before paying tuition and fees for the 2020 Spring semester. Id. at ¶ 19. The three "understood and believed that every course in which" the daughter enrolled would be taught in person. Id. The course catalog specified an on-campus location for the classes and stated that the "mode of instruction" would be "in-person." Id. Every class for which Plaintiffs' daughter signed up was scheduled for in-person teaching in an on-campus building. Id. at ¶ 20.

The Spring semester at Syracuse began on January 13, 2020 and was scheduled to end on April 28, 2020. Id. at ¶ 26. Plaintiffs contend that they paid tuition "for the benefit of on-campus live instruction and an on-campus educational experience throughout the entire semester." Id. at ¶ 32. They also paid "mandatory fees" to obtain "the benefit throughout the entire semester of on-campus organizations, clubs, recreational education, crime prevention, and health and wellness services." Id. at ¶ 33.

The University announced on March 10, 2020 that, because of the COVID-19 pandemic, only remote classes would be offered until at least March 30, 2020. Id. at ¶ 36. Syracuse also cancelled all gatherings of 50 or more people. Id. On March 16, 2020, the University announced that all classes would be remote for the rest of the Spring semester.

Id. at ¶ 37. Syracuse also closed all on-campus fitness centers, offered only take-out meals from campus dining centers, and urged students living on campus to move out as soon as possible. Id. The University also limited access to buildings and facilities on campus to "essential members of the University faculty and staff." Id. at ¶ 38. All instruction since March 13, 2020 has been "in a remote online format with no in-person instruction or interaction." Id. at ¶ 39.

On March 18, 2020, Syracuse announced restrictions on access to student health services. Id. at ¶ 40. From that date, "all mental health counseling appointments were being held via telephone." Id. In addition, the University closed all libraries for the rest of the semester. Id. The University also canceled most of the services for which students had paid their mandatory fees, "with only limited virtual events offered moving forward." Id.

Faced with a curtailment of their on-campus experience due to the pandemic, Syracuse students have petitioned the University for a "return of the pro-rated portion" of their payments to the University for tuition and fees. Id. at ¶ 34. The University has refused these requests. Id. at ¶ 42. Students contend that the on-line instruction the University has offered to replace their in-person classes falls far short of their educational experience they expected when they enrolled at the University, and which Syracuse promised them in marketing the University. Id. at ¶¶ 43-46. They complain that:

> During the online portion of the semester, the University principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students and among students that is instrumental in interpersonal skill development. Further, the online formats being used by Syracuse University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

3

Id. at ¶ 46. On-line learning also prevents students from learning how to work collaboratively and prevents "in-person dialogue, feedback, and critique." Id. at ¶ 47. Not having an on-campus experience also undermines the development of interpersonal skills and social networks that a college experience normally cultivates. Id. at ¶ 48.

Despite these shortcomings, Plaintiffs allege, Syracuse has not refunded any of the tuition and fees the Plaintiffs paid for the semester. Id. at ¶¶ 49-50.

Plaintiffs' Amended Complaint raises five causes of action. Count One alleges breach of contract. Count Two alleges unjust enrichment. Count Three alleges conversion. Count Four raises a claim for "money had and received," contending that Defendant has kept money paid by the Plaintiffs for instruction that their daughter did not receive. Count Five alleges a violation of New York General Business Law §§ 349, 350.

## II.   LEGAL STANDARD

### A.   Standing

Defendant first contends that Plaintiffs lack standing to sue in this matter. Courts may address only actual cases or controversies. See U.S. Const., art. III, § 2. Standing requires a plaintiff to "allege[] such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-99 (1975). Article III standing requires a showing of "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a likel[ihood]' that the injury 'will be redressed by a favorable decision.'" Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 560-61 (1992)). The injury "must be 'concrete and particularized' and 'actual or imminent, not conjectural or

4

hypothetical.'" Id. (quoting Lujan, 504 U.S. at 560).

### B. Motion to Dismiss

Defendant has also filed a motion to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiffs have not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true. In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). When, as here, the Plaintiff proceeds pro se, the Court must "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)).

### III. ANALYSIS

Defendant first argue that Plaintiffs lack standing to raise their claims that arise in contract. They next contend that, even if they have standing, they have not stated any claims upon which relief could be granted. The Court will address only the standing issue, as that issue is dispositive in this matter.

Plaintiffs were not students at Syracuse University at the time here in question, but were instead parents who paid tuition for their daughter to attend that institution.

5

Defendant contends that Plaintiffs' payment of tuition is insufficient to provide them with standing to raise their claims. As to Plaintiffs' contract claims, Defendant contends that Plaintiffs were neither parties nor intended beneficiaries of the contract in question and they therefore have no standing to raise such claims. As for Plaintiffs' other claims, Defendant contends that Plaintiffs have not alleged that they were injured by the Defendant's conduct. The injuries that Plaintiffs describe are injuries to students, and Defendant contends that Plaintiffs lack standing to assert injury on behalf of another. Plaintiffs respond that they have standing because they have alleged that they paid money to Syracuse in exchange for their daughter's in-person education, and they were injured when their daughter did not receive the education for which they paid.

Defendant first argues that Plaintiffs lack standing to raise a contract claim. They contend that Plaintiffs cannot establish an injury in fact because they were not parties to the contract or intended third-party beneficiaries of the contract. Plaintiffs' daughter had a contract with Syracuse. "Under New York law, an implied contract is formed when a university accepts a student for enrollment[.]" Papelino v. Albany College of Pharm. of Union Univ., 633 F.3d 81, 93 (2d Cir. 2011). "The terms of such an implied contract are 'contained in the university's bulletins, circulars and regulations made available to the student.'" Id. (quoting Vought v. Teachers Coll., Columbia Univ., 126 A.D.2d 654, 654, 511 N.Y.S.2d 880 (2d Cir. 1987)). She has not sued the University for a breach of their agreement, however. Her parents have. Plaintiffs' position is that because they paid the tuition, they formed the contract with Syracuse and have standing to file claims in the instant action because the University failed to meet their education that the University would provide in-person instruction to their daughter.

6

The Court finds that Plaintiffs have not alleged that they are a party to the implied contract that their adult daughter created with Syracuse University to provide her with college instruction in exchange for tuition dollars. The parents are no more a party to that agreement because they provided the funds for their daughter's university instruction than a bank that lent her the money to go to school would be. Thus, to have any sort of a contract claim, Plaintiffs would need to establish that they were third party beneficiaries. In New York, "[a] non-party may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary and even then, if not mentioned as a party to the contract, the parties' intent to benefit the third party must be apparent from the face of the contract." LaSalle Nat'l Bank v. Ernst & Young, LLP, 285 A.D.2d 101, 108 (1st Dept. 2001) (internal citations omitted). Without "clear contractual language evincing such intent, New York courts have demonstrated a reluctance to interpret circumstances to construe such an intent." Id. To establish third-party beneficiary rights, a party must show: "'(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost.'" Town of Huntington v. Long Is. Power Auth., 130 A.D.3d 1013 (2d Dept. 2015) (quoting Nanomedicon, LLC v. Research Found. of State Univ. of N.Y., 112 A.D.3d 594, 596 (N.Y. 2013)). Plaintiffs have not alleged that they were the intended beneficiaries of the agreement between their daughter and the University, particularly because the injuries they allege–the inability to attend in-person classes and participate in the benefits of life on a college campus–were ones their daughter suffered.

As such, the Court must find that Plaintiffs lack standing to raise a contract claim.

Plaintiffs have not alleged that they were a party to the contract or an intended beneficiary and they therefore have not alleged an injury that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Susan B. Anthony List, 134 S. Ct. at 2341 (quoting Lujan, 504 U.S. at 560). The person injured in this case is the person who made the contract. Other courts in this Circuit have also concluded that parents lack standing in cases where parents seek to recover damages related to their college-age children being forced to engage in on-line college instruction when, as here, a parent-plaintiff alleges only that they paid tuition for adult children who could sue for damages on their own. See, e.g., Espejo v. Cornell Univ., 3:20-CV-467, 2021 U.S. Dist. LEXIS 39227, at *7 (N.D.N.Y. Mar 3, 2021) ("Here, [the parent's] standing is based solely on the fact that he paid tuition for his child. Plaintiffs do not allege that [plaintiff's] child is a minor, that he directly contracted with Cornell, or that he is an intended third-party beneficiary. Without such allegations, [plaintiff] cannot demonstrate injury-in-fact.") (see also cited collected cases); Bergeron v. Rochester Inst. of Tech., No. 20-CV-6283, 2020 U.S. Dist. LEXIS 241125, at *10-11 (W.D.N.Y. Dec. 18, 2020) (parent lacked standing to sue when she "allege[d] only that she paid the tuition and fees so that her child could enroll as an undergraduate student."); Metzner v. Quinnipiac Univ., No. 3:20-cv-00784, 2021 U.S. Dist. LEXIS 56744, *16-17 (D. Conn. Mar. 25, 2021); see also, Gociman v. Loyola Univ. of Chi., No. 20 C 3116, 2021 U.S. Dist. LEXIS 13238 at *5 (N.D. Ill. Jan. 25, 2021) (dismissing parents' claim on standing grounds because they did not show an injury-in-fact when parents "allege[d] only that they paid the tuition and fees so their children could enroll as undergraduate students."); Salerno v. Fla. S. Coll., No. 8:20-cv-1494, 2020 U.S. Dist. LEXIS 215349, at *10-11 (M.D.Fla. Sept. 16, 2020) (same); Lindner v. Occidental Coll., No.

8

CV 20-8481, 2020 U.S. Dist. LEXIS 235399 at *15 (C.D. Ca. Dec. 11, 2020) (dismissing parent's claims for lack of standing because "[the adult child], not [the parent], was the intended beneficiary of any promises that Occidental allegedly made and [the child], not [the parent], suffered any alleged injury that resulted from the transition to remote instruction . . . [the parent's] claims are derivative of [the child's] claims.").

      The Court concludes that, regardless of the claim that Plaintiffs raise in this lawsuit, they have not alleged any injury that is concrete and particular to them. Their alleged injuries are all derivative of those allegedly suffered by their daughter. The Court has explained why Plaintiffs have not alleged a concrete and particularized injury in their contract claim. The same analysis applies to the unjust enrichment claim, where Plaintiffs claim an injury because the University retained tuition and fees provided for the purpose of in-person instruction when Syracuse did not provide such instruction to their daughter. See Complt. at ¶¶ 80, 83-84. The conversion claim likewise alleges an injury because Defendant retained funds provided for the purpose of in-person instruction and then failed to provide this service. Id. at ¶ 87. Plaintiffs' "money had and received" claim alleges damage because "Defendant has been unjustly enriched by its retention of the funds Plaintiffs and the members of the Class paid Defendant for tuition and fees" and did not receive in-person education. Id. at ¶¶ 98, 100. Plaintiffs' New York General Business Law claim alleges that Defendant advertised in-person instruction, obtained tuition dollars, and then did not deliver that instruction as promised. Id. at ¶¶ 111-113. As a result, Plaintiffs claim "Plaintiff[s] and other members of the other Class Members [sic] were deceived and injured because students did not receive in-class instruction and a unique campus experience for the entire Spring 2020 semester." Id. at ¶ 118. All of these injuries are not

9

injures to the Plaintiffs, but to students at the University. Plaintiffs' injuries are not concrete and particularized to them, but to their daughter. Under those circumstances, Plaintiffs' lack standing to sue.

The Court will not address the substantive claims Plaintiffs raise. To offer any opinion on their viability under circumstances where Plaintiffs lack standing to sue would be to offer an advisory opinion, which Courts are not permitted to offer. See, e.g., <u>Jennifer Matthew Nursing & Rehab. Ctr. v. United States HHS</u>, 607 F.3d 951, 957 (2d Cir. 2010) ("[A] federal court lacks the power to render advisory opinions.'")(quoting <u>U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.</u> 508 U.S. 439, 446 (1993)); <u>United States Capital Corp v. Lorraine St. Assocs. (In re 183 Lorraine St. Assocs.</u>, 1996 U.S. App. LEXIS 12335 at *2 (2d Cir. May 29, 1996) ("If a party has no legally cognizable injury, the federal court lacks jurisdiction, for its ruling would be an advisory opinion in violation of Article III of the Constitution."). Such a decision must await a claim by a plaintiff who has standing to sue.

## IV.   CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss, dkt. # 30, is hereby GRANTED. The Clerk of Court is directed to CLOSE the case.

**IT IS SO ORDERED**

Dated: April 13, 2021

Thomas J. McAvoy
Senior, U.S. District Judge